# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARENCE WYATT, | CV F 05-00185 AWI SMS HC |
| Petitioner, | FINDINGS AND RECOMMENDATIONS REGARDING RESPONDENT'S MOTION TO DISMISS |
| v. | |
| ANTHONY A. LAMARQUE, | [Docs. 23, 24] |
| Respondents. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## PROCEDURAL BACKGROUND[1]

On March 17, 2003, in the Fresno County Superior Court, a jury convicted Petitioner of robbery (Cal. Pen. Code § 211),[2] attempted robbery (§ 664/211), and assault with a deadly weapon (§ 245(a)(1)), including numerous enhancements. Petitioner received a state prison term of fifty years to life, plus an indeterminate term of eleven years. (Lodged Item No. 1.)

Petitioner filed a notice of appeal with the Court of Appeal for the Fifth Appellate District. On August 25, 2004, the Fifth District Court of Appeal affirmed the judgment. (Lodged Item No. 5.)

///

---

[1] This information is derived from Respondent's motion to dismiss and Petitioner's amended petition.

[2] All further statutory references are to the California Penal Code unless otherwise indicated.

1

On September 28, 2004, Petitioner filed a petition for review with the California Supreme Court. (Lodged Item No. 7.) It was denied on November 10, 2004. (Lodged Item No. 7.)

Petitioner has not filed any collateral state habeas corpus petitions.

Petitioner filed the instant federal petition for writ of habeas corpus on February 4, 2005. This action is proceeding on the amended petition, filed April 18, 2005. By order of April 26, 2005, the Court directed Respondent to file a response to the amended petition.

On June 3, 2005, Respondent filed a motion to dismiss the amended petition as a "mixed' petition. Petitioner did not file an opposition.

## DISCUSSION

A.   Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." The Advisory Committee Notes to Rule 5 of the Rules Governing Section 2254 Cases state that "an alleged failure to exhaust state remedies may be raised by the attorney general, thus avoiding the necessity of a formal answer as to that ground." The Ninth Circuit has referred to a respondent's motion to dismiss on the ground that the petitioner failed to exhaust state remedies as a request for the Court to dismiss under Rule 4 of the Rules Governing Section 2254 Cases. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (1991); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982). Based on the Rules Governing Section 2254 Cases and case law, the Court will review Respondent's motion for dismissal pursuant to its authority under Rule 4.

B.   Exhaustion of State Remedies

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731, 111 S.Ct. 2546, 2554-55 (1991); Rose v. Lundy, 455 U.S. 509, 518, 102 S.Ct.

1198, 1203 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Picard v. Connor, 404 U.S. 270, 276, 92 S.Ct. 509, 512 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan v. Henry, 513 U.S. 364, 365, 115 S.Ct. 887, 888 (1995) (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis). Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66, 115 S.Ct. at 888; Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998). For example, if a petitioner wishes to claim that the trial court violated his due process rights "he must say so, not only in federal court but in state court." Duncan, 513 U.S. at 366, 115 S.Ct. at 888. A general appeal to a constitutional guarantee is insufficient to present the "substance" of such a federal claim to a state court. See Anderson v. Harless, 459 U.S. 4, 7, 103 S.Ct. 276 (1982) (Exhaustion requirement not satisfied circumstance that the "due process ramifications" of an argument might be "self-evident."); Gray v. Netherland, 518 U.S. 152, 162-63, 116 S.Ct. 1074 (1996) ("a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief.").

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir.2000), *amended*, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998). In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner

3

wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident*," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

In the amended petition, Petitioner raises the four claims for relief. Respondent contends that Ground One is exhausted, however, Grounds Two, Three, and Four are unexhausted, resulting in a "mixed" petition.

Respondent's contention has merit. The Court will address each Ground separately.

1. Ground One

Petitioner contends that his constitutional rights were violated because he was shackled during the trial proceedings without a showing of manifest need.

Petitioner presented this claim to the California Supreme Court in the petition for review. (Lodged Item No. 7, at 2-7.) Thus, this claim is exhausted.

2. Ground Two

Petitioner contends that the trial court abused its discretion by admitting the testimony of Ms. Session in violation of the Fourteenth Amendment.

As Respondent submits this claim is unexhausted because it was not presented to the state's highest court - the California Supreme Court. While this claim was presented in the direct appeal to the Fifth District Court of Appeal (Lodged Item No. 2, at 26-31), it was not made a part

4

of the petition for review submitted to the California Supreme Court.  (See Lodged Item No. 7.)  Further, Petitioner has not filed any collateral state habeas corpus petitions to the California Supreme Court, or any other state court, in an effort to exhaust this claim.  Accordingly, this claim is unexhausted.

        3.      <u>Ground Three</u>

Petitioner contends that the trial court failed to sua sponte instruct the jury on accomplice testimony in violation of the Sixth and Fourteenth Amendments.

Like Ground Two, this claim is unexhausted because it was not presented to the California Supreme Court.  This claim was presented in the direct appeal to the Fifth District Court of Appeal (Lodged Item No. 2, at 32-35), it was not made part of the petition for review submitted to the California Supreme Court.  (See Lodged Item No. 7.)  Because the claim was not presented for review to the California Supreme Court, it is unexhausted and subject to dismissal.

        4.      <u>Ground Four</u>

Petitioner contends that the cumulative errors violated Petitioner's right to a fair trial provided by the Fourteenth Amendment.

This claim too is unexhausted.  Like Grounds Two and Three, this claim was presented in the direct appeal to the Fifth District Court of Appeal (Lodged Item No. 2, at 36), it was not however made part of the petition for review submitted to the California Supreme Court.  (See Lodged Item No. 7.)  Thus, because it was not presented to the California Supreme Court for review it is unexhausted.

In sum, Ground One is exhausted, however, Grounds Two, Three and Four are unexhausted.  Because the amended petition is a mixed petition containing exhausted and unexhausted claims, it must be dismissed.  <u>Rose v. Lundy</u>, 455 U.S. at 522.  The Court must dismiss such a petition without prejudice to give Petitioner an opportunity to exhaust the claim if he can do so.  See <u>Pliler v. Ford</u>, 121 S.Ct. 2441, 2444 (2004); <u>Rose</u>, 455 U.S. at 521-22.

However, Petitioner should be provided with an opportunity to withdraw the unexhausted claim as an alternative to dismissal.  <u>Smith v. Ratelle</u>, 323 F.3d 813, 816-819 (9th Cir.2003);

Anthony v. Cambra, 236 F.3d 568, 574 (9th Cir.2000) ("district courts must provide habeas litigants with the opportunity to amend their mixed petitions by striking unexhausted claims as an alternative to suffering dismissal").

In the event that Petitioner opts to dismiss the instant petition and return to the state courts to exhaust his unexhausted claims, Petitioner is advised that, upon his return to federal court, he is to bring only exhausted claims. Failure to do so may be grounds for dismissal with prejudice.[3]

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that Respondent's Motion to Dismiss be GRANTED and the amended petition for writ of habeas corpus be DISMISSED for failure to exhaust the state remedies. It is further RECOMMENDED that Petitioner be granted leave to file a motion to withdraw the unexhausted claims or an amended petition deleting the unexhausted claims as an alternative to suffering dismissal.

These Findings and Recommendations are submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the

///

---

[3] The Supreme Court has held that:
> [I]n the habeas corpus context it would be appropriate for an order dismissing a mixed petition to instruct an applicant that upon [her] return to federal court [she] is to bring only exhausted claims. See Fed. Rules Civ. Proc. 41(a) and (b). Once the petitioner is made aware of the exhaustion requirement, no reason exists for [her] not to exhaust all potential claims before returning to federal court. The failure to comply with an order of the court is grounds for dismissal with prejudice. Fed. Rules Civ. Proc. 41(b).

Slack v. McDaniel, 529 U.S. 473, 489 (2000).

specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:  August 1, 2005**               /s/ Sandra M. Snyder
icido3                                   UNITED STATES MAGISTRATE JUDGE