# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARENCE WYATT, | CV F  05-00185 AWI SMS HC |
| Petitioner, | ORDER DIRECTING CLERK OF COURT TO RETURN AMENDED PETITION, LODGED JULY 25, 2006 TO PETITIONER |
| v. | |
| ANTHONY A. LAMARQUE, | |
| Respondents. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner filed the instant petition for writ of habeas corpus on February 4, 2005. Petitioner filed a first amended petition on March 21, 2005, and a second amended petition on April 18, 2005. (Court Docs. 13, 18.)

On June 3, 2005, Respondent filed a motion to dismiss the second amended petition as a mixed petition containing both exhausted and unexhausted claims. (Court Doc. 23.)  Petitioner did not oppose the motion.  On August 2, 2005, the undersigned issued Findings and Recommendations recommending that Respondent's motion to dismiss be granted, and Petitioner be granted the opportunity to withdraw the unexhausted claims in lieu of dismissal of the entire action. (Court Doc. 26.)  On August 12, 2005, Petitioner filed a motion to withdraw the unexhausted claims. (Court Doc. 27.)  On September 15, 2005, the request was granted, and Respondent's motion to dismiss was denied as moot. (Court Doc. 29.)

1           On November 16, 2005, Respondent filed an answer to the second amended petition.
2    (Court Doc. 32.)  Petitioner filed a traverse on December 16, 2005.  (Court Doc. 35.)
3           On July 25, 2006, Petitioner lodged what appears to an amended petition.  (Court Doc.
4    36.)
5           A petitioner may amend a petition for writ of habeas corpus once "as a matter of course,"
6    and without leave of Court, before a response has been filed under Federal Rule of Civil
7    Procedure 15(a), as applied to habeas corpus actions pursuant to 28 U.S.C. § 2242 and Rule 11 of
8    the Rules Governing Section 2254 Cases.  Calderon v. United States District Court (Thomas),
9    144 F.3d 618, 620 (9th Cir. 1998);  Bonn v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995).  Leave
10   of Court is required for all other amendments.  Rule Civ. P. 15(a).  While the Court should freely
11   give leave to amend if justice requires, the Court may deny leave to amend if the amendment
12   would be futile or subject to dismissal.  Bonn, 59 F.3d at 845; Saul v. United States, 928 F.2d
13   829, 843 (9th Cir. 1991).
14          The instant case is fully briefed, as Respondent has filed an answer and Petitioner has
15   filed a traverse.  Therefore, in order for Petitioner to submit an amended petition at this juncture,
16   court permission is necessary.  Petitioner did not seek and was not granted permission to file an
17   amended petition.  The Court cannot ascertain the purpose for the amendment as Petitioner
18   merely submitted an amended petition, without a formal motion requesting leave to amend.
19   Accordingly, the Court must return the amended petition to Petitioner.
20          Based on the foregoing, it is HEREBY ORDERED that:
21   1.     The Clerk of Court is directed to return the amended petition for writ of habeas
22          corpus, lodged on July 25, 2006, to Petitioner.
23   IT IS SO ORDERED.
24   **Dated:   July 28, 2006**                    **/s/ Sandra M. Snyder**
     icido3                                       UNITED STATES MAGISTRATE JUDGE