# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CLARENCE WYATT, | ) | 1:05-CV-00185 AWI SMS HC |
| | ) | |
| Petitioner, | ) | ORDER ADOPTING FINDINGS AND |
| | ) | RECOMMENDATION |
| v. | ) | [Doc. #38] |
| | ) | |
| | ) | ORDER DENYING AMENDED PETITION |
| | ) | FOR WRIT OF HABEAS CORPUS |
| ANTHONY A. LAMARQUE, | ) | [Doc. #18] |
| | ) | |
| Respondent. | ) | ORDER DIRECTING CLERK OF COURT |
| | ) | TO ENTER JUDGMENT |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On February 8, 2007, the Magistrate Judge issued Findings and Recommendation that recommended the petition be DENIED. The Magistrate Judge further recommended that the Clerk of Court be DIRECTED to enter judgment. The Findings and Recommendation was served on all parties and contained notice that any objections were to be filed within thirty (30) days of the date of service of the order.

On February 21, 2007, Petitioner filed objections to the Findings and Recommendation.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a *de novo* review of the case. Having carefully reviewed the entire file and having considered the objections, the Court concludes that the Magistrate Judge's Findings and Recommendation is

supported by the record and proper analysis, and there is no need to modify the Findings and Recommendations based on the points raised in the objections.

In his objections, Petitioner makes the same argument that he did in his petition –Petitioner was unconstitutionally required to be shackled during the trial because the trial judge never held a hearing on the need for shackling.   In the objections, Petitioner does not dispute the Magistrate Judge's factual finding that Petitioner failed to raise the issue of shackling before the trial judge. Under California law failure, the failure to object to shackling waives the claim.  See People v. Marks, 31 Cal.4th 197, 224 (2003).   Because Petitioner "defaulted his federal claim[ ] in state court pursuant to an independent and adequate state procedural rule," this court is precluded from reviewing the shackling claim unless Petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991).   As explained by the Magistrate Judge there is neither evidence that any juror saw the shackles nor evidence that the shackles prevented Petitioner from assisting with his defense.   Thus, Petitioner cannot make the requisite showing of prejudice or manifest injustice.

A federal court may grant a writ of habeas corpus only if the state court decision either (1) was "contrary to . . . clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).   Because Petitioner failed to object to the shackles at trial there was no violation of clearly established Supreme Court law.   Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendation issued February 8, 2007, is ADOPTED IN FULL;
2. The Petition for Writ of Habeas Corpus is DENIED; and
3. The Clerk of Court is DIRECTED to enter judgment.

IT IS SO ORDERED.

**Dated:   April 11, 2007**            /s/ Anthony W. Ishii
                                       UNITED STATES DISTRICT JUDGE