1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

CLARENCE WYATT,

                Petitioner,

   v.

ANTHONY A. LAMARQUE,

             Respondents.

_____/

CV F   05-00185 AWI SMS HC

ORDER DENYING TO ISSUE CERTIFICATE
OF APPEALABILITY

[Doc. 42]

On April 12, 2007, Petitioner's petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 was denied and judgment was entered in favor of Respondent.  (Court Docs. 40, 41.)

On March 24, 2008, almost a year later, Petitioner filed a notice of appeal.  Although no express request was made for a certificate of appealability, the notice of appeal shall be deemed to constitute a request for a certificate.  See Fed. R.App. P. 22(b); United States v. Asrar, 108 F.3d 217, 218 (9th Cir. 1997).

The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

    (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.

    (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the

1

validity of such person's detention pending removal proceedings.

(c)    (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–

(A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

(B) the final order in a proceeding under section 2255.

(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In the present case, the Court finds that Petitioner has not made the required substantial showing of the denial of a constitutional right, and reasonable jurists would not find it debatable that the state courts' decision denying Petitioner's petition for writ of habeas corpus were not "objectively unreasonable."   Reasonable jurists would not disagree  with the Court's finding that there was no violation of clearly established Supreme Court law because petitioner failed to object to the use of shackles at trial.   Accordingly, Petitioner's request for a certificate of appealability is DENIED.

IT IS SO ORDERED.

**Dated:    April 29, 2008**              _____/s/ Anthony W. Ishii_____
                                          UNITED STATES DISTRICT JUDGE